**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION**

| | |
|---|---|
| KEVIN GOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:19-cv-40 |
| ) | |
| WILLIAMSON COUNTY, ILLINOIS, ) | **JURY TRIAL DEMANDED** |
| ETHAN NEALLY, *in his individual* ) | |
| *capacity*, JOHN DOE #1, *in his individual* ) | |
| *capacity*, JOHN DOE #2, *in his individual* ) | |
| *capacity*, and JOHN DOE #3, *in his* ) | |
| *individual capacity*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff Kevin Goodson ("Plaintiff"), by and through his attorney, and for his Complaint against Defendant Williamson County, Illinois (hereinafter "Defendant Williamson County"), Defendant Ethan Neally (hereinafter "Defendant Neally"), Defendant John Doe #1 (hereinafter "Defendant Doe #1"), Defendant John Doe #2 (hereinafter "Defendant Doe #2"), and Defendant John Doe #3 (hereinafter "Defendant Doe #3") and respectfully states to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of civil rights against the Defendants.

2. Plaintiff sues Defendant Neally in his individual capac3ty.

3. Plaintiff sues Defendant Doe #1 in his individual capacity.

4. Plaintiffs sue Defendant Doe #2 in his individual capacity.

5. Plaintiffs sue Defendant Doe #3 in his individual capacity.

6. Defendant Neally, at all times relevant herein, was a Williamson County sheriff working under the direction and control of Defendant Williamson County.

7. Defendant Doe #1, at all times relevant herein, was a Williamson County sheriff working under the direction and control of Defendant Williamson County.

8. Defendant Doe #2, at all times relevant herein, was a Williamson County sheriff working under the direction and control of Defendant Williamson County.

9. Defendant Doe #3, at all times relevant herein, was a Williamson County sheriff working under the direction and control of Defendant Williamson County.

10. Defendant Williamson County is a political subdivision of the State of Illinois and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

## JURISDICTION

11. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343(a)(3).

## VENUE

12. Venue is proper under 28 U.S.C. § 1391(b)(2) as the incident subject to this case occurred in Williamson County, Illinois in this Southern District of Illinois.

## COLOR OF STATE LAW

13. At all relevant times, Defendant Neally acted under color of state law.

14. Particularly, Defendant Neally acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois, and its political subdivisions.

15. At all relevant times, Defendant Doe #1 acted under color of state law.

16. Particularly, Defendant Doe #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois, and its political subdivisions.

17. At all relevant times, Defendant Doe #2 acted under color of state law.

18. Particularly, Defendant Doe #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois, and its political subdivisions.

19. At all relevant times, Defendant Doe #3 acted under color of state law.

20. Particularly, Defendant Doe #3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois, and its political subdivisions.

## FACTUAL BACKGROUND

### At 224 N. George St.

21. On November 19, 2018, Plaintiff was at the residence of Angie Jones at 224 N. George St., Hurst, IL (hereinafter the "Hurst residence") in Williamson County, Illinois.

22. Annette, is the grandmother of Alexis, called the sheriff department alleging a dispute between Plaintiff and Alexis, Plaintiff's friend, about a cell phone.

23. In response to the phone call, Defendant Deputy Neally ("Defendant Neally"), from the Williamson County Sheriff's office, and Ofc. Flaningam ("Flaningam"), from the Cambria Police Department, arrived at the Hurst residence.

24. Annette told the responding officers about a physical altercation between Plaintiff and Alexis over a cell phone.

25. There were no significant injuries at the Hurst residence when Defendant Neally and Flaningam arrived at the residence.

26. Defendant Neally and Flaningam made contact with Plaintiff at Plaintiff's bedroom in the basement at the Hurst residence.

27. Plaintiff told Defendant Neally and Flaningam that there was a dispute over a cell phone, but that was the extent of the incident and there was nothing else to report.

28. After making said statement, Plaintiff told Defendant Neally and Flaningam that nothing else happened and then Plaintiff remained silent, as was his right under the Fifth Amendment to the Constitution.

29. Defendant Neally grabbed Plaintiff's left arm and placed it behind his back, while Officer Flaningam grabbed Plaintiff's right arm and placed it behind his back.

30. Plaintiff asked Defendant Neally and Flaningam why he was being arrested.

31. Defendant Neally double locked the handcuffs on Plaintiff, which caused a great pain to Plaintiff's wrist.

32. Plaintiff asked Defendant Neally to loosen the handcuffs because of the severe pain in his wrists that was caused and told Defendant Neally that the handcuffs were too tight, and Defendant Neally ignored Plaintiff.

33. Plaintiff then and now continues to suffer from pain in his wrists since the incident with Defendant Neally.

34. Defendant Neally removed Plaintiff from the Hurst residence and placed him in the back of his patrol vehicle without incident.

35. Defendant Neally then transported Plaintiff to the Williamson County Jail.

32. As Defendant Neally was leaving the Hurst residence, Deputy Pyron was arriving at the Hurst residence.

36. When Defendant Neally left the Hurst residence, Officer Flaningam remained at the Hurst residence

37. As Defendant Neally was taking Plaintiff to the Williamson County Jail, Defendant Neally informed Plaintiff that he was being charged with Aggravated Domestic Battery.

4

38. While at the Hurst residence, Deputy Pyron learned that Alexis was listed in LEADS as a missing juvenile out of Herrin.

39. Annette, Alexis' grandmother, informed Deputy Pyron that Alexis had previously run away from home.

### At the Williamson County Jail

40. Once at the Williamson County Jail, Defendant Neally transferred custody of Plaintiff to the staff at the Williamson County Jail.

41. While at the Williamson County Jail, Plaintiff was immediately placed in a cell.

42. It should be noted that there were surveillance cameras recording the inside of the cell plaintiff was placed in.

43. While inside the cell, three male staff members of the Williamson County Jail came in Plaintiff's cell and Plaintiff was given "flops" to place on his feet instead of the shoes he had on.

44. Plaintiff put the flops on as directed and took off his shoes.

45. The same three male staff members of the Williamson County Jail came in Plaintiff's cell, while plaintiff was sitting on the bench in the cell.

46. Plaintiff was given an orange jumpsuit to put on.

47. Plaintiff was not given any information about his bond.

48. Plaintiff simply asked the 3 Williamson County Jail staff members (hereinafter "the John Does") if it was necessary to put on the orange jumpsuit; Plaintiff asked this simple question on the basis that he could be released on his own recognizance or quickly make bond and be released from the jail.

5

49. In response to Plaintiff's question, one of the John Does stated to Plaintiff, "You do what the fuck we tell you to do."

50. When plaintiff asked the above-mentioned question and one of the John Does responded as set forth in Paragraph 45, Plaintiff was sitting on a bench and the John Does were standing in front of Plaintiff side-by-side and facing Plaintiff.

51. As Plaintiff was just leaving his seating position to stand and put the jumpsuit on, the John Does rushed up and grabbed Plaintiff by his arms to pick him up and all 3 John Does punched Plaintiff in the stomach and chest repeatedly, jabbed Plaintiff's eye and then slammed Plaintiff on the ground causing severe pain to both of Plaintiff's knees.

52. Plaintiff asked the John Does why they were doing this to him and the John Does responded by saying, "Because you are resisting."

53. Plaintiff was then rolled onto the stomach when one of the John Does grabbed Plaintiff's arm and twisted it backward behind Plaintiff's back.

54. While Plaintiff's arm was being twisted backward, one of the other John Does put a taser beam on Plaintiff and threatened to tase Plaintiff.

55. Plaintiff suffered from great pain and a blackeye from this occurrence.

56. On information and belief, this was a "hate occurrence" as Plaintiff is an African-American male and the John Does are Caucasian.

57. This is based on several untrue alleged statements made by Plaintiff while in the back seat of Sheriff Neally's patrol car and intentionally contained in Sheriff Neally's report in anticipation of this litigation:

   a. "Kevin immediately began to scream at me saying I was a "racist cracker" and "ya'll some bitches"."; and

b.      "While en route to the jail, Kevin continued to scream statements such as, "That stupid bitch.", "I got arrested because I grabbed her?", "I grab her every fucking day." and "Speed the fuck up you dumb ass cracker.""

## COUNT I

### VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
### 42 U.S.C. § 1983 AND FOURTH AMENDMENT
### AGAINST DEFENDANT NEALLY, DEFENDANT JOHN DOE #1,
### DEFENDANT JOHN DOE #2 AND DEFENDANT JOHN DOE #3
### FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
### AND ATTORNEY'S FEES

58.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

59.     Defendant Neally used excessive force on Plaintiff when he double tightened the handcuffs on Plaintiff's wrists and refusing to loosen them when Plaintiff told Defendant Neally that his wrists were in pain and the handcuffs were too tight[1].

60.     At the time of the handcuffing incident referenced in Paragraph 56 above, Plaintiff presented little or no risk of flight and no threat of injury to Defendant Neally[2].

61.     Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 used excessive force on Plaintiff when they punched Plaintiff in the stomach and chest repeatedly and threw him down to the ground while Plaintiff was in the jail cell.

62.     Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 used excessive force on Plaintiff when they punched Plaintiff in the stomach and chest repeatedly and threw him down to the ground while Plaintiff was in the jail cell.

63.     The right to be free from excessive force is clearly established[3].

---

[1] Rooni v. Biser, 742 F.3d 737, 742-43 (7th Cir. 2014)
[2] Id. at 742.
[3] Hill v. Shelander, 992 F.2d 714, 718 (7th Cir. 1993).

64. At the time of the use of excessive force by Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3, Plaintiff was not resisting arrest[4].

65. At the time of the use of excessive force by Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3, Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 was not using the force to restore discipline[5].

66. Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 used greater force than was necessary in light of the facts and circumstances confronting them[6].

67. A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances[7].

68. The actions of Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be:

    a. Safe from the unreasonable use of force; and

    b. Safe from the use of excessive force.

**Compensatory Damages**

69. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3.

70. The Defendants are each jointly and severally liable for all damages assessed against them in this action[8].

---

[4] Kingsley v. Hendrickson, 801 F.3d 828, 832 (7th Cir. 2015).
[5] Hill, 992 F.2d at 717.
[6] Williams v. Indiana State Police Dep't, 797 F.3d 468, 473 (7th Cir. 2015)
[7] Id.
[8] Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256 (1979); Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002); Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000); Simpson v. Hines, 903 F.2d 400, 403 (5th Cir. 1990); Rutherford v. City of Berkeley, 780 F.2d 1444, 1448 (9th Cir. 1986); Carhart v. Stenberg, 192 F.3d 1142, 1152 (8th Cir. 1999) (*fees specific*).

**Punitive Damages**

71.     Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3's actions against Plaintiff were reckless.

72.     Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3's actions against Plaintiff showed callous indifference toward the rights of Plaintiff.

73.     Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3's actions against Plaintiff were taken in the face of a perceived risk that the actions would violate federal law.

74.     Plaintiff is entitled to an award of punitive damages against Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 in order to punish them and to deter others.

75.     The Defendants are each jointly and severally liable for all damages assessed against them in this action[9].

**Attorney's Fees**

76.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

77.     The Defendants are each jointly and severally liable for all attorney's fees assessed against them in this action[10].

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 in their individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for

---

[9] Id.
[10] Id.

reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances.

## COUNT II

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
### AGAINST DEFENDANT WILLIAMSON COUNTY, ILLINOIS
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

78. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

**Failure to Train**

79. Prior to November 19, 2018, Defendant Williamson County failed to train Defendant Neally on the proper handcuffing of arresting individuals and responding to complaints of pain in the handcuffing process.

80. Prior to November 19, 2018, Defendant Williamson County failed to train Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 and on presenting individuals being booked in the jail with jail attire and responding properly to individuals being booked in the jail.

81. These occurrences are common occurrences these Defendants encounter on a daily basis.

82. Defendant Williamson County was deliberately indifferent to the rights of others in adopting its training practices, and in failing to properly train Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3, such that those failures reflected a deliberate or conscious choice by Defendant Williamson County[11].

83. The training deficiencies occurred prior to the incident subject to this case and caused Plaintiff damages as set forth herein.

---

[11] City of Canton v. Harris, 489 U.S. 378, 389 (1989).

84. In light of the fact that it was Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 who engaged in the Constitutional violations, the need to correct deficiencies were so obvious, and the inadequacy so likely to result in the violation of Constitutional rights, that the policymakers of Defendant Williamson County can reasonably be said to have been deliberately indifferent to the need.

85. If Defendant Williamson County had properly trained Defendant Neally on handcuffing individuals and properly responding to complaints of pain from handcuffing and properly trained Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 on presenting individuals being booked in the jail with jail attire and responding to individuals being booked in the Williamson County Jail, the Constitutional violations committed by Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 would not have occurred.

86. These failures by Defendant Williamson County to train Defendant Neally on handcuffing individuals and properly responding to complaints of pain from handcuffing and properly trained Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3 on presenting individuals being booked in the jail with jail attire and responding to individuals being booked in the Williamson County Jail subject Defendant Williamson County to liability for the Constitutional violations committed by Defendant Neally, Defendant Doe #1, Defendant Doe #2 and Defendant Doe #3.

**Compensatory Damages**

87. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Williamson County.

**Attorney's Fees**

88. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Williamson County, Illinois for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT III

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
### DEFENDANT WILLIAMSON COUNTY, ILLINOIS
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

89. Plaintiff re-allege all of the preceding paragraphs as if set forth fully herein.

90. At all relevant times Defendant Neally was serving as an employee of Defendant Williamson County as a deputy.

91. At all relevant times Defendant Neally was engaging in a government function.

92. At all relevant times Defendant Neally was acting within the course and scope of that employment.

93. At all relevant times Defendant Defendant Doe #1 was serving as an employee of Defendant Williamson County as a corrections officer.

94. At all relevant times Defendant Defendant Doe #1 was engaging in a government function.

95. At all relevant times Defendant Defendant Doe #1 was acting within the course and scope of that employment.

96. At all relevant times Defendant Defendant Doe #2 was serving as an employee of Defendant Williamson County as a corrections officer.

97. At all relevant times Defendant Defendant Doe #2 was engaging in a government function.

98. At all relevant times Defendant Defendant Doe #2 was acting within the course and scope of that employment.

99. At all relevant times Defendant Defendant Doe #3 was serving as an employee of Defendant Williamson County as a corrections officer.

100. At all relevant times Defendant Defendant Doe #3 was engaging in a government function.

101. At all relevant times Defendant Defendant Doe #3 was acting within the course and scope of that employment.

102. The actions of Defendant Neally caused Plaintiff to suffer the damages outlined herein.

103. The actions of Defendant Defendant Doe #1 caused Plaintiff to suffer the damages outlined herein.

104. The actions of Defendant Defendant Doe #2 caused Plaintiff to suffer the damages outlined herein.

105. The actions of Defendant Defendant Doe #3 caused Plaintiff to suffer the damages

106. Defendant Williamson County is liable under a theory of *respondeat superior*[12].

---

[12] Plaintiff makes this claim based on the dissent of Justice Breyer in Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 416, 117 S. Ct. 1382, 1394, 137 L. Ed. 2d 626 (1997).

**Compensatory Damages**

107.    Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Williamson County.

**Attorney's Fees**

108.    Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Williamson County, Illinois for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
James W. Schottel, Jr.    #51285MO
906 Olive St., PH
St. Louis, MO 63101
(314) 421-0350
(314) 421-4060 facsimile
jwsj@schotteljustice.com

Attorney for Plaintiff
Kevin Goodson