# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN GOODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00040-JPG |
| | ) |
| ETHAN NEALLY, | ) |
| BENNIE VICK, | ) |
| STEVEN NEMETH, | ) |
| KRISTOFER RAY, AND | ) |
| JAMES WHITEHEAD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of a Motion to Dismiss for Lack of Prosecution filed by Defendants Ethan Neally, Steven Nemeth, Kristofer Ray, Bennie Vick, and James Whitehead. (Doc. 47). They claim that Plaintiff has failed to prosecute his claims against them. Defendants request dismissal of this action with prejudice. (*Id*.).

Plaintiff Kevin Goodson filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 13, 2019, for alleged violations of his constitutional rights during his arrest and detention in Williamson County, Illinois. (Doc. 1). At the time he filed this suit, Plaintiff was represented by counsel. The case survived screening.

A Scheduling Order was entered on April 23, 2019. (Doc. 18). The discovery deadline was February 21, 2020, and the dispositive motion deadline was March 20, 2020. (*Id*.). After Plaintiff filed an Amended Complaint on August 29, 2019, however, the Scheduling Order was modified by consent of the parties. (Docs. 30 and 41). The discovery deadline was extended to June 26, 2020, and the dispositive motion deadline was extended to July 24, 2020. (Doc. 41).

Plaintiff's counsel was granted leave to withdraw from representation on January 29, 2020. (Doc. 45). In the Court's Order Granting Motion to Withdraw, Plaintiff was ordered to retain other counsel who must file an appearance *or* file written notice of his intent to proceed *pro se* along with his updated address by March 13, 2020. (*Id.*). He was warned that failure to do so would result in dismissal of this action with prejudice for failure to comply with a court order and/or failure to prosecute his claims. (*Id.*). Plaintiff missed the deadline. (*Id.*).

Defendants filed the instant Motion to Dismiss on April 14, 2020. (Doc. 47). They assert that Plaintiff has not prosecuted his claims for over a year. (*Id.* at ¶¶ 5-7). Even before Plaintiff's former counsel withdrew from his representation, Plaintiff failed to respond to discovery requests issued on July 10, 2019. (*Id.* at ¶ 5). Defendants' attempts to follow up with counsel and secure responses were unsuccessful. (*Id.*). The Amended Scheduling Order allowed the parties additional time to complete discovery, including depositions of Plaintiff and Defendants. (*Id.* at ¶ 6). This never occurred. (*Id.*). The parties were also required to file a proposed scheduling order for experts by April 17, 2020. (*Id.* at ¶ 7). This never occurred. (*Id.*). Defendants seek dismissal of this action with prejudice. *See* FED. R. CIV. P. 41(b).

On June 17, 2020, this Court entered the following Order:

NOTICE OF IMPENDING DISMISSAL: Defendants filed a Motion to Dismiss for Lack of Prosecution (Doc. 47) in this matter on April 14, 2020. Plaintiff's response was due on May 18, 2020. This deadline expired thirty days ago. Plaintiff has not responded or requested an extension of the deadline. By operation of Administrative Orders 261 and 266, and amendments thereto, this deadline was extended by 60 days to July 17, 2020. Plaintiff is hereby WARNED that failure to respond to the pending Motion to Dismiss on or before July 17, 2020, will result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). The Clerk is DIRECTED to transmit a copy of this Order to Plaintiff at the last address he provided to the Court. To the extent that the deadlines provided for herein differ from the deadline extensions provided in any prior order, this Order Controls.

<small>

(Doc. 48). Plaintiff has taken no action to communicate with the Court in response to the Notice of Impending Dismissal or Defendants' Motion to Dismiss. The Court will not allow this matter to linger any longer. This action shall be dismissed with prejudice based on Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal will <u>not</u> count as one of Plaintiff's three allotted "strikes" under of 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 47) is **GRANTED**. This action is **DISMISSED** with prejudice, based on Plaintiff's failure to prosecute his claims herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal does <u>not</u> count as a "strike" under Section 1915(g).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 22, 2020**

                                                <u>s/J. Phil Gilbert</u>
                                                **J. PHIL GILBERT**
                                                **United States District Judge**